# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10596
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE BARRIENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-129-11

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rene Barrientes pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. Included in the calculation of his offense level was a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) and a two-level enhancement for importation of methamphetamine pursuant to § 2D1.1(b)(5). The district court overruled

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10596

Barrientes's objections to the enhancements and sentenced him to 360 months of imprisonment and four years of supervised release.

On appeal, Barrientes argues that the district court erred in imposing the enhancement in § 2D1.1(b)(1) for possession of a firearm because he personally did not possess a firearm and he had no knowledge that his codefendants possessed a firearm. He also argues that the district court erred in imposing the enhancement in § 2D1.1(b)(5) for importation of methamphetamine because did not know that the methamphetamine was imported. He concedes that this court has previously rejected both arguments, but respectfully requests that we revisit our precedent.

Barrientes's arguments are foreclosed by *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990), and *United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012), respectively. In *Aguilera-Zapata*, we held that the enhancement in § 2D1.1(b)(1) applies when a codefendant's possession of a firearm during the offense was reasonably foreseeable. 901 F.2d at 1215. In *Serfass*, 684 F.3d at 552, we held that the enhancement in § 2D1.1(b)(5) applies when the offense involved the importation of methamphetamine regardless of whether the defendant knew of that importation. Accordingly, the Government's unopposed motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.